**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                      No. CR 08-2117 JB

DENISSE IVETTE SANCHEZ-ARREOLA,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed January 6, 2009 (Doc. 21); and (ii) the Defendant's Amended Sentencing Memorandum, filed January 12, 2009 (Doc. 22). The Court held a sentencing hearing on January 13, 2009. The primary issue is whether the Court should depart downward from a criminal history category of IV to a criminal history category of III. For the reasons stated at the hearing, and for further reasons consistent with those already stated, the Court will depart downward on the criminal history category, sentence Defendant Denisse Ivette Sanchez-Arreola to the low end of the advisory guideline range, and sentence Sanchez-Arreola to 33 months of incarceration, which is the lowest sentence that the Court can impose consistent with her rule 11(c)(1)(C) fast-track plea agreement.

      Although Sanchez-Arreola's sentencing memoranda discuss her criminal history, she does not specifically request that the Court depart downward based on an over-representation of criminal history. In addition to discussing her criminal history, Sanchez-Arreola's sentencing memoranda also broadly address her personal circumstances. Her memoranda also explain her reasons for re-entering and express her remorse at having illegaly re-entered the United States.

      In response, the United States notes that Sanchez-Arreola's plea agreement forbids her from

seeking a reduction in criminal history. See United States' Response to Defendant's Sentencing Memorandum Filed January 6, 2009 ¶ 2, at 1 (Doc. 21), filed January 12, 2009 (Doc. 23)("Response"). The United States represents that its position is that Sanchez-Arreola's memoranda do not advocate for a reduction, but rather demonstrate, consistent with the restrictions her plea agreement imposes, that a sentence at the low end of the Guidelines is appropriate. See Response ¶ 3, at 1-2. The United States requests a sentence of 41 months, based on a total offense level of 18 and a criminal history category of IV. See id. ¶ 4, at 2.

The Court agrees with the United States that Sanchez-Arreola has not breached her plea agreement. Her sentencing memoranda do not request a departure, and she did not advocate for any departure during the sentencing hearing. The Court, however, has an independent duty to ensure that the Sentencing Guidelines have been properly applied.

The Presentence Investigation Report ("PSR") does not take the position that Sanchez-Arreola's criminal history is over-represented. The PSR identifies her criminal history as a factor that may warrant departure, however, and discusses her criminal history, ultimately reaching the conclusion that a departure is not justified. See PSR ¶ 46, at 12-13 (disclosed October 21, 2008). The Court disagrees. Sanchez-Arreola's offenses are largely in her past, and she has incurred a significant number of criminal history points because of her conviction for drug trafficking -- in her case, essentially acting as a mule for a relatively small amount of marijuana -- and her subsequent re-entry, which violated her probation. This probation violation bumped her from a criminal history category of III to a IV by a single point. In addition to thus being on the borderline of category IV, the Court does not believe that category IV properly represents her future dangerousness or her likelihood of committing new crimes. See U.S.S.G. § 4A1.3(b)(1) (stating that criminal history category substantially over-representing "the likelihood that the defendant will commit other

crimes" is grounds for downward departure on criminal history). Accordingly, the Court will depart downward from a criminal history category of IV to a category of III.

An offense level of 18 and a criminal history category of III yields an advisory Guidelines range of 33-41 months. The Court believes that a sentence of 33 months is an appropriate sentence in this case. Because that sentence is within the Guidelines range and thus consistent with the parties' rule 11(c)(1)(C) plea agreement, the Court will accept the plea agreement and sentence Sanchez-Arreola to 33 months incarceration.

**IT IS ORDERED** that Defendant Denisse Ivette Sanchez-Arreola's criminal history category is reduced from IV to III pursuant to U.S.S.G. § 4A1.3(b)(1). The requests in the Defendant's Sentencing Memorandum and the Defendant's Amended Sentencing Memorandum that the Court impose on her the lowest possible sentence consistent with her rule 11(c)(1)(C) fast-track plea agreement is granted. Sanchez-Arreola is sentenced to 33 months incarceration.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Susan B. Dunleavy
  Assistant Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*